UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------------

TROY J. MUNSON,

        Petitioner,

vs.

UNITED STATES OF AMERICA, et al.,

        Respondents.

CASE NO. 1:11-MC-0098

OPINION & ORDER
[Resolving Doc. Nos. 1 & 2]

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Petitioner Troy J. Munson filed the above-captioned Petition to Quash I.R.S. Summons. (Doc. No. 1). Mr. Munson seeks an order from this Court quashing a third-party summons issued by the Commissioner of Internal Revenue. Respondent United States of America has now filed a Motion to Dismiss. (Doc. No. 2). Mr. Munson requested an extension of time to oppose the Motion, which this Court granted. The deadline to respond has passed, however, and he has not filed any opposition to the Motion. For the reasons set forth below, the Motion to Dismiss is granted and the Petition to Quash is dismissed.

**I. Background**

I.R.S. Agent Eric Nix issued a summons to Key Bank, 4910 Tiedeman Road, Brooklyn, Ohio 44144 dated October 13, 2011. (Pet.'s Ex. A.) The Summons addressed "the matter of the income

-1-

Case No. 1:11-MC-0098
Gwin, J.

tax liability of Troy J. Munson and required Key Bank to appear before Agent Nix, or his designee: "to give testimony and to bring with you and to produce for examination the following books, records, papers and other data relating to the tax liability . . . concerning . . . the person identified above . . .". *Id.* Key Bank was scheduled to comply with the I.R.S. summons on or about November 13, 2011. Mr. Munson does not aver on what date he received a copy of the summons.

Mr. Munson seeks to quash the summons issued to Key Bank, arguing that: (1) the I.R.S. failed to timely notify him of the summons in violation of 26 U.S.C. §7609(a)(1); (2) the I.R.S. failed to provide advance notice that contact would be made with third parties; (3) the summons was issued while a referral for criminal prosecution was pending in violation of 26 U.S.C. §7602(d)(2)(A); (4) the I.R.S. failed to act in good faith as set forth in *United States v. Powell*, 379 U.S. 48 (1964); and, (5) the I.R.S. will violate banking laws as well as his right to privacy if the summoned records are revealed. Mr. Munson seeks $1,000.00 for each violation of State and Federal privacy laws and asks this Court to order the I.R.S. to turn over to him any third party summons and request for documents, as well as records seized as a result of the summons.

The United States argues the court lacks subject matter jurisdiction because Mr. Munson failed to serve the United States within 20 days from the date he filed this action. Moreover, Mr. Munson cannot proceed in any action against the I.R.S. or its agent, Eric Nix.

## II. Internal Revenue Service
## Third Party Review

The I.R.S. is authorized, by statute, to examine any relevant documentation and summon any person in possession of any relevant information or documentation when conducting a tax

-2-

Case No. 1:11-MC-0098
Gwin, J.

investigation. *See* 26 U.S.C. § 7602(a). To achieve its goal, the I.R.S. may serve a summons upon a third-party record keeper, such as a bank or other financial institution, in order to obtain financial records or information regarding a person who is the subject of an investigation by the I.R.S. *See* 26 U.S.C. § 7609(a).

There is no dispute Mr. Munson is the subject of an I.R.S. investigation. Thus, when the I.R.S. served a summons on a third-party record keeper, he was entitled to notice that a summons had been served. *Id.*; *Clay v. United States*, 199 F.3d 876, 878 (6th Cir.1999). Pursuant to 26 U.S.C. § 7609(a)(1), a copy of the summons served on Key Bank was also provided to Mr. Munson. After receiving the summons, Mr. Munson was entitled to file a petition to quash the summons within twenty days from the date the summons was mailed. *See Shisler v. United States*, 199 F.3d 848, 850 (6th Cir.1999); *see also* 26 U.S.C. § 7609(b)(2)(A).

"The United States district court for the district within which the person to be summoned resides or is found shall have jurisdiction to hear and determine" a petition to quash a summons issued by the I.R.S. to a third-party record keeper. 26 U.S.C. § 7609(h)(1). The summoned party, Key Bank, is located in Brooklyn, Ohio 44144. Because this address is well within the jurisdiction of the Northern District Court of Ohio, this Court has jurisdiction to address Mr. Munson's petition to quash the summons. *Id*.

### III. Improper/Untimely Service

If the plaintiff fails to properly effect service on a defendant, the defendant is entitled to move to dismiss the complaint under Rule 12(b)(4) and/or (5). *See* FED.R.CIV.P. 12(b)(4), (5). Upon such a motion, it is the plaintiff who is burdened to establish he properly effected service.

Case No. 1:11-MC-0098
Gwin, J.

*Light v. Wolf*, 816 F.2d 746, 751 (D.C.Cir.1987) (citing 4C Fed. Prac. & Proc. § 1083). As Mr. Munson has failed to object to the United States' averments, he has not satisfied his burden.

Although the Petition to Quash was timely filed, this Court lacks subject matter jurisdiction as to the summons because Mr. Munson did not strictly comply with 26 U.S.C. §7609(b)(2)(B). Section 7609 of the Code contains special procedures for third-party summons. 26 U.S.C. § 7609. Where a party exercises his right to intervene or bring proceedings to quash a third party summons, the statute mandates that "[n]otice shall be given to any persons identified" in the summons. 26 U.S.C. § 7609(a)(1)(B). Notice is deemed sufficient if it is "'mailed by certified or registered mail to the last known address of such person' who is entitled notice." *Cook v. United States*, 104 F.3d 886, 888 (6th Cir.1997)(quoting 26 U.S.C. § 7609 (a) (2)).

The challenged summons was served by United States mail upon Key Bank on October 13, 2011. Therefore, Mr. Munson was required not only to file his Petition before this Court on or before November 2, 2011, but also to serve a copy of the Petition upon the person summoned (i.e. Key Bank) and "the I.R.S. employee and office designated in the notice of summons to receive the copy" on or before November 2, 2011. *Faber v. United States,* 921 F.2d 1118, 1119 (10th Cir.1990)(for purposes of 26 U.S.C. 7609(b)(2), notice is given on the date it is mailed); *see also* 26 C.F.R. § 301.7609–4(b)(2).

Even though Mr. Munson served a copy of a summons upon the I.R.S., Congress has not explicitly authorized the I.R.S. to be sued in its own name. *See Blackman v.Guerre*, 342 U.S. 512, 515 (1952)("When Congress authorizes one of its agencies to be sued *eo nomine*, it does so in explicit language, or impliedly because the agency is the offspring of such a suable entity." )

-4-

Case No. 1:11-MC-0098
Gwin, J.

Therefore, an action to quash an I.R.S. summons is really a suit against the United States. *Barmes v. United States*, 199 F.3d 386, 388 (7th Cir. 1999). Under these circumstances, the Federal Civil Rules obligated Mr. Munson to provide notice to the real party in interest. *See e.g. id*, 342 U.S. at 514)(if agency could be sued in its own name, "we would be confronted with the question of whether service . . . would be sufficient to bring the Commission into court").

Under the Federal Rules of Civil Procedure, service upon the United States can only be accomplished by sending a copy of the summons and complaint to the United States Attorney for the district in which the action is brought as well as service upon the United States Attorney General in Washington, D.C. *See* FED. R. CIV. P. 4(i). The United States avers it never received a summons and complaint in this action and no record of such service is reflected on the court docket. Thus, the United States was not provided proper service.

The language of the relevant statute is explicit: "The failure to comply strictly with § 7609(b)(2)(B) results in a finding ... that the [United States has] not waived [its] sovereign immunity and that the petition to quash those summonses must be dismissed." *Maikronz v. United States*, 612 F .Supp. 590, 591 (S.D. Ind.1985); *see Gaumer v. United States*, 685 F. Supp. 167 (N.D. Ohio 1988)(Party who had initiated proceeding to quash I.R.S. summons required to send copy of petition proper I.R.S. agent, or persons summoned, within 20 days of notice of summons; failure to do so required conclusion that United States had not waived its sovereign immunity). Because Mr. Munson failed to comply with the statutory notice requirements, this Court lacks subject matter jurisdiction to hear this action. *See id.*

Case No. 1:11-MC-0098
Gwin, J.

### IV. Conclusion and Order

For the reasons set forth above, the United States' Motion to Dismiss (Doc. No. 2 ) pursuant to Federal Civil Rule 12(b)(4) is granted and the Petition to Quash Third Party Summons (Doc. No. 1) is DISMISSED. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Dated: May 16, 2013
                                              s/ James S. Gwin
                                              JAMES S. GWIN
                                              UNITED STATES DISTRICT JUDGE